UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL F. VEZINA,

    Petitioner,

v.

SCOTT FRAUENHEIM,

    Respondent.

Case No. 19-cv-00495-RS (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states cognizable claims. Respondent shall file a response to the petition on or before **June 17, 2019**, unless an extension is granted.

## BACKGROUND

In 2016, petitioner was convicted in the San Mateo County Superior Court of attempted murder and the grossly negligent discharge of a firearm. Various sentencing enhancement allegations were found true. A sentence of 25 years was imposed.

Petitioner sought but was denied relief in the state courts. This federal habeas petition followed.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims (1) there was insufficient evidence to support the attempted murder conviction; and (2) defense counsel rendered ineffective assistance. When liberally construed, these claims are cognizable on federal habeas review.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition (Dkt. No. 1) and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **June 17, 2019**, respondent shall file with the Court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **June 17, 2019**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner

shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The Clerk shall amend the docket to reflect that Scott Frauenheim, the warden of the prison in which petitioner is housed, is the sole respondent in this action. Petitioner named the People of the State of California as respondent. Frauenheim is the sole proper respondent in this action, as he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

9. The filing fee has been paid. (Dkt. No. 8.)

**IT IS SO ORDERED.**

**Dated:** April 11, 2019

_____
RICHARD SEEBORG
United States District Judge